Dewey v. Leonard.

REBECCA DEWEY

*vs.*

JOSEPH L. LEONARD.

At common law every person is bound to use his own property with due regard to the rights of others, and although it is lawful for a person to burn the grass and stubble on his own land, he is not at liberty to do so, when, on account of time, manner or circumstances, it appears probable that danger to others will follow. In this, as in every other use of his property, he is bound to exercise such care and diligence as an honest and prudent man would observe to prevent accident and damage to others.

An action is maintainable to set aside an award on account of fraud.

The plaintiff commenced her action in the District Court of Winona county, averring in her complaint, that she was at the time the wrongs complained of were committed the owner and occupant of certain real estate in that county and the defendant was in the occupancy of certain adjacent lands; and that on the 11th of May, 1866, the defendant did " wilfully, unlawfully, negligently and without giving any notice to plaintiff, set fire to the grass, straw and stubble on his said land, which ran into, over and upon the land of the plaintiff, and burnt over and destroyed a large quantity of fence and timber being on said land, and the property of the plaintiff, and of the reasonable value of four hundred dollars, all of which was caused by the carelessness and unlawful acts of the defendant."

The complaint then avers that in July, 1866, the parties

agreed to submit the differences between them, arising out of the claim of plaintiff against defendant for damages caused by said fire to Weeks and Swift as arbitrators, who " should examine the premises and all the circumstances of the case, and hear the evidence of the parties and determine what damages if any the plaintiff was entitled to receive from defendant, and make an award accordingly. That the said Weeks and Swift as such arbitrators agreed to examine into the facts and circumstances, and hear the evidence, and notify the parties of the time and place appointed to hear the evidence, and make a fair and correct award within five days thereafter."

The complaint then avers that the arbitrators made their award on the first of August, 1866, in favor of the plaintiff, awarding her ten dollars in full, which award it avers she never accepted.

It then alleges divers acts on the part of the arbitrators that are described as of gross carelessness, misconduct and partiality in their proceedings in the matter, closing with the averment, " that by reason of the aforesaid gross misconduct and partiality of said arbitrators, and the gross inadequacy of their said award, the plaintiff submits that their acts in the premises are wholly null and void " —and the relief sought is that the award and submission be decreed null and void, and wholly set aside, and the usual general prayer is added. The defendant interposed a general demurrer to the complaint, which was overruled by the Court, and he appeals from the order overruling the same to this Court.

BERRY & WATERMAN for Appellant.

I.—It was not an "unlawful" act on the part of the respondent to " set fire to the grass, straw and stubble on his

said land" in the manner it is alleged in the complaint to have been done on the 11th of May, 1866.

*a.* By the provisions of *Chapter 72, Laws of* 1860, then in force, the inhibition was simply against setting on fire any "woods, prairies or other grounds," and not against the commission of an act like the one complained of.

*b.* Even though it were, the first two provisos in the act, being embraced in the same section creating the misdemeanor, as a question of pleading should be negatived, in order to make a case of violation of the provisions of that act, which was manifestly intended by the pleader in the present instance. Such is the rule in criminal pleading, and the same general rules prevail in civil causes. 1 *Arch. Crim. L.*, 287, and the principle is virtually conceded by this Court in *State vs. Johnson*, 12 *Minn.*, 479.

*c.* On the familiar principle of the expression of one thing by necessary implication excluding others, this statute permits burning of the kind in question.

*d.* The last proviso in the statute cited, has reference solely to the errors that are made criminal by that act and has no application to lawful burning of grass, straw or stubble on one's own land.

*e.* Therefore the averment of the complaint that defendant wilfully, unlawfully, negligently and without giving any notice to plaintiff, set fire to the grass, grain and stubble on his own land amounts to nothing in the absence of any allegation of negligence or malice on his part *in the way of permitting or causing the fire to run over on to the plaintiff's premises and do the damage stated.* The demurrer only admits such facts as are well pleaded. *Bacon Abr. Pleas. N.* 3.

II.—The complaint is defective in failing to show the

character of the arbitration, whether a common law or statutory one.

The statute then in force on the subject of arbitrations, provided the means of vacating the award on grounds of corruption, fraud or partiality, which, we apprehend, is exclusive of all other remedies. *Statutes, Ed.* 1858, *p.* 691.

Under a corresponding English statute, 9 & 10 *Will. III., Ch.* 15, a similar provision is held to oust courts of equity of jurisdiction over awards. 2 *Story Eq. Juris.*, (Redfield's Ed.) *Sec.* 1450, *and note.*

III.—Though it has been held in England and in some States of the Union, that courts of equity, as such, had power to vacate arbitrator's awards, on the ground of fraud on their part; yet the power has never been generally conceded by the courts of this country and has always been regarded as a purely technical rule applicable only where equity and common law jurisdiction were vested in different courts. And, under the statutes of this State, where the two jurisdictions and modes of proceeding are combined in the same court, the reason of the rule failing, the rule itself is not in force and the practice is wholly inadmissible.

*a.* In Massachusetts corruption or gross mistakes of arbitrators may be shown in defense against an action at law on the award. *Brown vs. Bellows,* 4 *Pick.,* 192 ; *Bean vs. Farneau,* 6 *Id.* 269.

*b.* And in New York even when courts of law and equity were distinct the defense that an award was absolutely *void* would be set up *in an action at law on the arbitrator's bond. Elmendorf vs. Harris,* 23 *Wend.* 628 ; *Butler vs. The Mayor &c. of New York,* 7 *Hill,* 329.

*c.* It is submitted with confidence that under the present system of practice in this State no reason exists for compelling the defendant to suffer the trouble and expense of de-

Dewey v. Leonard.

fending two actions, one on the equity and the other on the legal side of the Court, whereas by a single action in proper shape, the entire controversy could be determined on its merits in one. The provision of the Constitution, Art. 1 § 8, we apprehend is as applicable to defendants as plaintiffs, and under that the former as well as the latter are entitled to prompt and free determination of their rights.

In accordance with the spirit of this section the statutes then in force abolishing all distinction *in the forms of actions and modes of proceeding* in actions at law and suits in equity were retained. *Statutes (Revision of* 1858) *p.* 480, *Id.* 532. But apparently still further to carry out the intent of the people as expressed in this constitutional declaration, the Legislature has now gone a step further and *attempted* at all events to abolish all distinctions whatever between actions at law and suits in equity. *Statutes of Minnesota* (1868) *p.* 450, *sec.* 1.

Waiving the consideration of the question whether in fact this declaration accomplishes all that was manifestly intended and whether there is not still a necessary distinction in substance between the two classes of actions indicated by the different forms of summons required to commence actions, *Id. p.* 456, *sec.* 45, *3d subdivision,* and the different forums in which they are to be tried, *Id. p.* 478, *sec.* 199, still the intent of the Legislature to both cheapen and simplify legal proceedings for the determination of contested claims, cannot be doubted.

An equitable defense to an action at law is now not only allowable but requisite if one would have the benefit of it, *Statutes Chap.* 66, *Sec.* 79, and much more would such a reply be allowable in answer to a legal defense set up on the part of the defendant. *Ferrow et al. vs. Drew,* 19 *Wisconsin,* 225.

The principle of this case is conceived to be entirely conclusive against the mode of proceeding pursued by the plaintiff in the case at bar; and assuming the positions above taken to be impregnable, there can be no question that the plaintiff should have brought her action at law in the usual form to recover damages for the injury complained of, and if the award was pleaded in bar to the action, reply the facts showing the void character of the award as claimed in the present complaint and the whole merits of the controversy be presented in one case, which would go to a jury for trial and final determination, whereas in case the relief sought in this case were granted, neither party would be any nearer the determination of their respective rights than they were when they started. The order overruling the demurrer should therefore be reversed.

MITCHELL & YALE for Respondent.

I. The complaint shows a good and valid submission at common law, and an award good upon its face. The parties were competent to submit their differences to arbitration. The subject matter was one capable of being submitted. As a reason why the award should be set aside the complaint alleges:

*First.* Misconduct and partiality on the part of the arbitrators in

*a* Not examining into the facts.

*b* Not hearing the evidence.

*c* In gross partiality of one of the arbitrators, who said he wanted to do the best he could for the defendant and put the award as low as possible.

*d* In the gross carelessness of the other arbitrator, who

Dewey v. Leonard,

admitted he had given the matter no attention, and gave as a reason that he thought it did not amount to anything.

*Second.* The gross inadequacy of the award, which is of itself conclusive evidence both of misconduct and partiality on the part of the arbitrators.

The actual damage was $400, as stated in the complaint, one of the arbitrators admitted it was over $150, yet they award $10.

*Third.* The arbitrators gave no notice of the time and place of hearing.

Either or any of these causes would be good ground for setting aside the award. In fact it is not claimed that the complaint does not state sufficient ground for avoiding the award. But it is claimed that if the facts alleged in the complaint be true, the respondent might have disregarded the award and brought suit on the original cause of action, and then if the award were set up by way of defense, the facts alleged in the complaint might have been set up by way of reply. That having a complete remedy at law the respondent could not ask the aid of a court of equity.

Even if true that respondent might have adopted this course yet we submit that appellant's argument is an unsound and false interpretation of the rule " that equity will not entertain jurisdiction where there is a remedy at law."

The books everywhere abound with cases brought for the same relief asked for in the case at bar.

If appellant's argument be correct then in no case could an action be brought to set aside an award. For in every case if the complaint does not allege sufficient grounds for avoiding the award, it would be demurrable as not alleging enough, and if it did allege sufficient to avoid the award, then according to the appellant's theory, it would be demurrable as showing too much.

Suppose in this case the arbitrators had by reason of gross partiality given an award of $1000 against appellant. Appellant, according to his own theory, could maintain no action to set aside the award, but must sit still until efforts were made to collect the award and then set up the facts in defense. Is it true that a party is compelled thus to sit still perhaps for years while his evidence is disappearing by lapse of time?

If, as appellant claims, respondent cannot maintain his action because he has another remedy, then by the same process of reasoning it would be claimed that a judgment creditor could not maintain a suit to set aside a fraudulent conveyance of the judgment debtor, because, forsooth, he might have disregarded the conveyance, treated it as a nullity and issued execution on his judgment and levied on the property notwithstanding the conveyance. There are many such cases where a party may have two remedies and because he has one it does not follow that it is the exclusive one. Courts of equity and courts of law always had concurrent jurisdiction in cases of fraud and many other classes of cases.

Nor do we understand that in abolishing the distinction between courts of law and courts of equity, and allowing a party to plead both legal and equitable defenses, our code of practice has in any way changed or altered the character or substantial form of a party's remedy in cases of this kind.

But we submit that not only was this action properly brought by respondent, but that it was his only and exclusive remedy. Because the submission being valid and the award regular and sufficient upon its face, the award could not have been impeached collaterally but only by bill brought directly for the specific purpose of setting it aside. 5 *Wend.*, 518; 23 *Barb.*, 187; 3 *Johnson*, 367; 9 *Johnson*, 212; 2 *Johnson*, 62; 17 *Johnson*, 405.

*By the Court*—Wilson, Ch. J.—The plaintiff alleges that she was on, and prior to, the first of May, 1866, and ever since has been, the owner and occupant of the south-east quarter of section seventeen, township one hundred and six, north of range ten west; "That on the 11th day of May, 1866, the defendant, who was then in the occupancy of certain lands adjacent thereto, and situated in section twenty of the same town and range, did, willfully, unlawfully and negligently, and without giving any notice to the plaintiff, set fire to the grass, straw and stubble on his said land, which ran into, over and upon the land of the plaintiff, and then and there burnt over, and destroyed a large quantity of fence, and timber, then and there being on said land, and the property of the plaintiff, and of the reasonable value of four hundred dollars; all of which was caused by the carelessness and unlawful acts of the defendant."

The complaint then alleges a submission to arbitrators of the differences between the parties in the premises, and an award in favor of the plaintiff for a sum ($10.00) alleged to be much less than the damage, and asks to have the award set aside, on account of gross misconduct, and partiality of the arbitrators.

The case comes before us on an appeal from an order of the District Court overruling a demurrer to the complaint; the defendant alleging that the complaint does not state facts sufficient to constitute a cause of action.

The misconduct of the arbitrators, and the inadequacy of the award, (in her favor) do not give the plaintiff a right of action unless she shows resulting damage, or that she has a cause of action, which is interrupted by the submission and award.    This is the only damage alleged.

From the complaint, it would seem that the plaintiff attempted to set up a cause of action under *Chap. 72 of the*

*Laws of* 1860; but whether that is so, or not, is not material, for at common law, irrespective of the statute, every person is bound to use his own property with due regard to the rights of others, and although it was lawful for the defendant to burn the grass and stubble, he was not at liberty to do so, when, on account of the time, manner or circumstances, it appeared certain, or probable, that damage to others would follow. In this, as in any other use of his property, he was bound to exercise such care and diligence as an honest and prudent man would have observed to prevent accident and damage to others, and the complaint, liberally construed, we think, shows that he was guilty of negligence, all the facts of the case being considered. A general demurrer does not reach indefiniteness. Hence we are of the opinion, that the plaintiff has stated a cause of action for damages against the defendant, and that, therefore, she shows a ground for setting aside the award.

We think that the complaint shows with sufficient certainty, that this submission was at common law, and not under the statute.

The defendant's third position, we think untenable. The equity powers of the courts are as great under our code as they were when law and equity were administered by distinct tribunals, and it does not need the citation of authorities to show that it has been, and is, a recognized power of a court of equity, to set aside awards on the ground of fraud, nor have we been able to discover any provision of statute requiring the party to seek relief only in an action brought in the matter submitted to arbitration. Whether the plaintiff ought to have joined the two causes of action, we need not now consider. The statute does not require her to do so.

Order appealed from affirmed.