NELS A. PETERSON *vs.* JOHN S. HOMAN, impleaded, etc.

## July 21, 1890.

**Signature by one as "Trustee" or "Agent"—Liability of Signer—Evidence.**—Where one signs a contract, affixing to his signature words indicating a representative character, such as agent, trustee, or the like, he is *prima facie* liable individually.   In order to show that he executed the contract in a representative capacity, he must prove the existence of such capacity.

Evidence *held* sufficient to sustain the findings of fact.

Appeal by defendant Homan (impleaded with Ellis J. Woolf) from an order of the district court for Hennepin county, refusing a new trial after a trial by *Hooker*, J., (a jury being waived,) and judgment for $850 ordered for plaintiff.

*James A. Kellogg*, for appellant.

*Christensen & Tuttle*, for respondent.

GILFILLAN, C. J.   Action on a guaranty of payment of a note expressed to be "for value received," and signed by defendant "J. S. HOMAN, trustee for Samuel De Haven."   The answer alleged that there was no consideration for the guaranty, and that it was signed upon the express agreement that defendant should not be personally liable on it, but that he should be liable only as trustee of De Haven, under a deed of trust described in the answer.   The reply alleges that the guaranty was executed in consideration that plaintiff released his right to a mechanic's lien on real estate in which defendant had an interest, denies any agreement that defendant should be liable

only as trustee, and alleges that he was to be liable personally. The issues were thus narrowed down to these: Was the guaranty executed in consideration of plaintiff executing the release? And did the defendant execute it in his individual capacity, or in his capacity as trustee under the deed of trust? On the trial the release was proved, and from the defendant's own testimony, given with evident reluctance and effort to evade, it was manifest that the guaranty and release, though not executed contemporaneously, were executed each in consideration of the other. Of course that showed a valid consideration for the guaranty.

It was held in *Pratt* v. *Beaupre*, 13 Minn. 177, (187,) that where words such as "agent," "trustee," or the like are affixed to the name of a party to a contract, which may be either descriptive of the person or indicative of the character in which he contracts, they are *prima facie* descriptive only, but that it may be shown by extrinsic evidence that they were understood as determining the character in which he contracted. The rule has been followed in *Bingham* v. *Stewart*, 14 Minn. 153, (214,) and *Deering* v. *Thom*, 29 Minn. 120, (12 N. W. Rep. 350.) It was also decided in *Pratt* v. *Beaupre* that, when the word "agent" is affixed to the party's name, in order to show that he contracted as agent he must prove the fact of agency. In other words, in order to show that he contracted in a representative capacity, he must first prove the existence of that capacity. The reason for that is apparent. The evidence is admitted, not to defeat the contract, but to show who is liable upon it,—whose contract it is.

The defendant offered in evidence the deed of trust described in his answer, and, on objection by plaintiff, it was excluded. Had it been admitted, it would not have established defendant's character as trustee, so far as in any way affected the note guarantied by him, nor authority in him to pay or guaranty the note. The trust-deed authorized him to collect the rents of a certain building, and apply them to pay certain persons named (the plaintiff not being among them) the amounts of certain notes described, that here in controversy not being among them. It was properly excluded. And, his capacity as trustee not being shown, defendant was liable on the guaranty.

We do not deem it necessary to refer in detail to the many assignments of error.    If, in any of the rulings upon which they are founded, there was technical error, it could not have affected the result.

Order affirmed.