BRUNSWICK-BALKE COLLENDER COMPANY *vs.* W. T. BOUTELL, impleaded, etc.

December 2, 1890.

**Negotiable Instrument — Signature followed by Word "Pres."**—The rule laid down in *Pratt* v. *Beaupre*, 13 Minn. 177, (187,) and later cases, as to the *prima facie* liability of a person who affixes to his signature to a contract the words "agent," "trustee," or the like, followed, and applied in a case where the maker of certain promissory notes affixed the abbreviation "Pres." to his signature.

**Same—Defence that Signature was on Behalf of Corporation—Proof Requisite.**—In such a case, where the defendant undertook to overcome the plaintiff's *prima facie* case by testimony tending to show that the notes were executed by him in behalf and as the act of a corporation of which he was president, and for its debt, and that this was well known and understood by the payee of the notes, it was incumbent upon the defendant to go further, and prove that not only the debt was one which the corporation had the power to incur, but that the corporation authorized it to be incurred.

Action brought in the municipal court of Minneapolis, against defendant Boutell and F. A. Cotharin, on the following promissory note:

"Minneapolis, Oct. 6, 1888.

"Five months after date we promise to pay to the order of Brunswick-Balke Collender Co. fifty-five dollars, with interest at the rate of seven per cent. per annum from date and attorney fees.

"W. T. BOUTELL, Pres.

"F. A. COTHARIN, Secty.

Defendant Boutell, who alone defended, appeals from an order refusing a new trial.

*Penney & Rogers*, for appellant.

*W. A. McDowell*, for respondent.

COLLINS, J. It is well settled in this court that when such a word as "agent" or "trustee," which may be descriptive of the person, or may be indicative of the character in which the signer contracts, is

affixed to the name of a party entering into a contract, it is *prima facie* descriptive only; but that it may be shown, by extrinsic evidence, that the attached word was understood by all interested as determining the character in which the person using it contracted. *Pratt* v. *Beaupre*, 13 Minn. 177, (187;) *Bingham* v. *Stewart*, 14 Minn. 153, (214;) *Deering* v. *Thom*, 29 Minn. 120, (12 N.W. Rep. 350;) *Peterson* v. *Homan*, 44 Minn. 166, (46 N. W. Rep. 303.) In the earlier of these cases, where the words, "Agents Steamer Flora," had been affixed to the defendants' signatures to a shipping contract, it was also settled that, where a party seeks to change the *prima facie* character of the contract on the ground of agency, it is incumbent upon him to prove the fact of the agency. To establish that he acted in a representative capacity he must first show the existence of the capacity. If he assumes to act as an agent, he must prove his authority to so act, or his liability upon the contract is necessarily of a personal character.

In this case appellant signed certain notes, payable to plaintiff, thus: "W. T. Boutell, Pres." His defence was that he was the president of the "Calhoun Club," a corporation duly organized under the laws of this state; that the notes were executed and delivered by him and the secretary of the club for billiard-tables, purchased by the secretary for the use of the club and from plaintiff; that he acted in his official capacity, solely; all of which, he claims, was known and understood by plaintiff when taking the notes. The case was tried by the court, without a jury, and upon its findings of fact judgment was ordered as demanded in the complaint. The principal controversy upon the trial was as to plaintiff's knowledge and understanding as to the character in which appellant signed the notes, whether in his individual capacity or in behalf of the corporation, and as its act. There was an abundance of testimony on all disputed points to sustain the findings of the court, and, as a consequence, we cannot interfere. Again, while the appellant went into the merits of his defence with testimony which, in part, tended to overcome the *prima facie* case against him, he omitted to show for what purposes or objects the club was incorporated, or what acts were within the scope of its business, or what duties and powers had

been conferred upon its president. The trial court was not informed as to whether or not this corporation could legitimately purchase a billiard-table, and it is safe to say that no presumption exists that it could. Even if this could be assumed, appellant made no attempt to show that such a purchase was within the powers of either president or secretary, or that the purchase in question, on time or otherwise, was authorized by directors or stockholders. Failing in this, the attempted defence was brought directly within the rule established in *Pratt* v. *Beaupre,* and followed in *Peterson* v. *Homan, supra.*

Order affirmed.