WENTWORTH HAYES *vs.* FRANK I. CRANE.

Argued Nov. 6, 1891. Decided Jan. 18, 1892.

**Contract Construed.**—A contract between plaintiff and defendant construed to have been made by the latter in his representative capacity as assignee in insolvency proceedings.

**"As Assignee," how Construed.**—In a written contract, the word "as," immediately preceding one indicating representative character, such as "agent," "trustee," or the like, is ordinarily presumed to have been used to indicate that the party contracts as such representative.

**Assignee—Agent, etc., Contracting as Such.**—When one makes a contract in a representative capacity, such as agent, trustee, or assignee, he cannot, as a general rule, be sued upon it as his personal contract; although he had not authority as representative to make it.

Appeal by plaintiff from an order of the district court of Mower county, *Farmer,* J., made April 21, 1891, refusing a new trial.

Wilkins & Smith, being insolvent, on June 19, 1886, made an assignment under Laws 1881, ch. 148, of their individual and firm property, not exempt, to Frank I. Crane, the defendant, in trust for their creditors, and he accepted the trust. Several parcels of the real estate assigned were incumbered by a mortgage for $10,000 and interest, held by Wentworth Hayes, the plaintiff. Hayes foreclosed the mortgage by action in the district court of that county, and the sheriff, pursuant to the judgment of foreclosure, advertised the mortgaged lands to be sold on May 14, 1887, in separate parcels. On the day previous to the foreclosure sale, the plaintiff and defendant entered into the contract stated in the opinion.

At the foreclosure sale plaintiff bid in the property in 10 separate parcels, for the aggregate sum of $11,030, as agreed. Defendant, within the year, paid for and took from plaintiff or redeemed from the sheriff seven of them, but refused to pay for or take the three remaining parcels. The district court never authorized the assignee to make the contract with plaintiff, nor did it afterwards ratify or confirm it in any way. It was not for the interest of the insolvent estate that defendant should, as assignee, pay for or redeem the three remaining parcels. When plaintiff made the contract, he knew defendant was acting for the insolvent estate without authority from the district court to so contract. The action was tried July 9, 1890, and findings filed directing judgment for defendant. The plaintiff moved for a new trial, which was denied, and he appealed.

*H. R. Wells* and *French & Wright,* for appellant.

The defendant is personally liable upon the contract, for the reason that there are no express provisions in the contract showing that both parties intended to or agreed to act upon the responsibility of the trust funds held by him alone, or upon some other responsibility exclusive of the defendant.

The defendant, by the contract, did not bind the trust estate, and, as some one must be bound by the contract, as he did not bind some other, he bound himself. *Duvall* v. *Craig,* 2 Wheat. 45; *Taylor* v. *Davis,* 110 U. S. 330; *Stone* v. *Wood,* 7 Cow. 453; *Taft* v. *Brewster,*

9 John. 333; *Pumpelly* v. *Phelps*, 40 N. Y. 59; *Fiske* v. *Eldridge*, 12 Gray, 474; *Tippets* v. *Walker*, 4 Mass. 595; *Stevenson* v. *Polk*, 71 Iowa, 278; *Rollins* v. *Phelps*, 5 Minn. 463, (Gil. 373.)

It was not competent for defendant to show by parol evidence that some one not named in the contract was bound by it in order to relieve himself from personal liability. *Williams* v. *Journal Printing Co.*, 43 Minn. 537; *Rowell* v. *Oleson*, 32 Minn. 288; *Brunswick-Balke Collender Co.* v. *Boutell*, 45 Minn. 21; *Peterson* v. *Homan*, 44 Minn. 166.

The plaintiff having performed his part of the contract, and the defendant having accepted the performance and recognized the validity of the contract, he cannot now plead his want of power to make the contract. *Palmer* v. *Cypress Hill Cemetery*, 122 N. Y. 431; *Parish* v. *Wheeler*, 22 N. Y. 494; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62.

If the court should hold, as a matter of law, that the defendant is not personally liable upon his contract, then the court below erred in not holding the estate of Wilkins & Smith liable, and ordering the enforcement of the contract. If the court shall hold that taking the contract as signed by the parties the defendant was acting in behalf of the estate when he made it, and that Crane is absolved from personal liability, why, pray, cannot the court in this case determine, upon all the testimony and the proceedings had, as to the plaintiff's claim, and order the debt satisfied out of the assets of the estate? The defendant admits the making of the contract. He must show it is the contract of the estate, and not his own. It was either the contract of the defendant personally, or as the assignee of Wilkins & Smith.

*Kingsley & Shepherd*, for respondent.

The court below rightly admitted parol testimony to show the character in which the respondent contracted at the time the contract was made upon which this action is founded. *Pratt* v. *Beaupre*, 13 Minn. 187, (Gil. 177;) *Bingham* v. *Stewart*, 14 Minn. 214, (Gil. 153;) *Deering* v. *Thom*, 29 Minn. 120.

The respondent is not personally liable for the performance of the contract. There was no misrepresentation or concealment by the re-

spondent as to the nature or extent of his power to make the contract. Appellant had full notice and knowledge of all the rights and powers of the respondent in respect to the contract, and knew that the respondent was not authorized to make it. He was not a mere agent or private trustee. He was an officer of the court, an officer of the law, and the property was *in custodia legis*. *In re Mann*, 32 Minn. 60; *Lord* v. *Meachem*, Id. 66; *North Star Boot & Shoe Co.* v. *Lovejoy*, 33 Minn. 229; *Thomas Mfg. Co.* v. *Foote*, 46 Minn. 240.

The subject-matter of the contract being trust property in the hands of the defendant, as the assignee of W. T. Wilkins and Fay R. Smith, he was under disability from purchasing the same on his own private account. *Miller* v. *Davidson*, 3 Gilman, 518; *Pratt* v. *Thornton*, 28 Me. 355; *King* v. *Remington*, 36 Minn. 15.

The court below found that the contract was not the personal obligation of the defendant, but refused to ratify and confirm it on the ground that it was not for the interest of the estate or the creditors, or for their benefit or advantage, to do so.

GILFILLAN, C. J. This action is to enforce specific performance of a contract to convey real estate. Wilkins & Smith executed to this plaintiff a mortgage upon 10 different pieces of real estate, and they afterwards made an assignment of all their property to this defendant for the benefit of their creditors, and he accepted the trust. When the mortgage fell due the plaintiff brought an action to foreclose it against Wilkins & Smith and this defendant as such assignee, and a judgment of foreclosure was entered adjudging the amount due to be $11,030, and directing a sale of the property to satisfy it. Pursuant to the judgment the property was advertised for sale on May 14, 1887. On the 13th day of that month the plaintiff and defendant entered into a contract in writing, reciting the judgment, and setting forth the notice of sale, and by which plaintiff covenanted to assign to defendant the sheriff's certificates of sale, and, in consideration thereof, the defendant covenanted to pay to plaintiff $11,030 on May 14, 1888, with interest at the rate of 7 per cent. per annum; and the contract contained a provision that, if the plaintiff should not obtain a sheriff's certificate of sale of all the property, then the defendant should pay, for an assignment of so much thereof as plain-

tiff should obtain, certain sums agreed on for the several tracts. At the sale all the tracts were sold to the plaintiff at the aggregate price of $11,030, and the proper certificate was issued to him. Afterwards the plaintiff assigned to defendant the certificate of sale as to certain of the tracts, and defendant redeemed from the sale as to certain other tracts, and plaintiff offered to assign the certificate as to the remainder upon defendant paying him therefor the aggregate of the prices agreed on in said contract for such remaining tracts. Defendant refused to take and pay for the assignment of the certificate as to the remainder, and the action is to enforce the contract as to such remaining tracts. The court in which the insolvency proceeding was pending never authorized defendant, as assignee, to make the contract, and never ratified or confirmed it. The court below held the contract to be that of defendant as assignee, and that he is not personally bound upon it. If this conclusion is correct, it is the end of the case, for the action is against the defendant personally. Whether the defendant contracted in his personal capacity or in his capacity of assignee is to be determined by the contract itself. There is a line of decisions, commencing with *Pratt* v. *Beaupre,* 13 Minn. 187, (Gil. 177,) holding that where such a word as "agent," "trustee," or the like is affixed to the name of a party contracting, the word is to be taken as *prima facie* descriptive only of the person and to identify him, but that it may be shown by parol for what purpose the word was so affixed, whether as descriptive or as determining the character in which the party contracted. Such proof is admitted, not for the purpose of defeating the contract,—of showing that no one is liable upon it,—but to show whose contract it is; and to establish that the contract was made in a representative capacity the party must prove the representative character, and that he had authority to make the contract in that character. *Peterson* v. *Homan,* 44 Minn. 166, (46 N. W. Rep. 303.) It may also be stated that where the written contract clearly expresses the character in which the party made it, parol evidence on the point is not only unnecessary, but is inadmissible. We think this contract does so express it. In the description of the parties defendant is described as "Frank I. Crane, *as* assignee, party of the second part;" in the notice of sale incorporated in the contract he

is described as "Frank I. Crane, *as* assignee of W. T. Wilkins and Fay R. Smith;" in the only covenant where the name is given it is "said Crane, *as* assignee;" he signed the contract, "F. I. Crane, Assignee." It appears whose assignee he was, and also that the subject-matter of the contract—the real estate—was the property of his trust, so that he could not in his personal capacity acquire and hold, as against those interested in the trust, any interest in the property, though he could, with the consent of the court, acquire and hold it as assignee.

Many of the cases holding such contracts to be personal contracts have overlooked the significance of the word " as," immediately preceding the one indicating representative character. We think ordinarily, and unless there be something in the writing to show the contrary, the word must be taken to have been used for a purpose, and that the only purpose of it is to express the character in which the party makes the contract. When so used it is equivalent to the expression, " in his character of." It is true that in this contract the covenants on the part of the plaintiff are expressed to be to the defendant, " his heirs and assigns," instead of his " successor in office." But those words, which are often inadvertently used instead of the latter or other similar words, are not sufficient to show that the contract was not made as assignee. The rule of construction that the parties attempting to make a contract are presumed to intend that it shall be effectual and valid, and that the language used must, if it will admit of it, be interpreted to sustain, rather than defeat, such presumed intention, does not apply where they have clearly expressed themselves, so that, taking all the terms used, in connection with the subject-matter and the circumstances in which the parties stand, but one meaning can be attributed to them. In such case the court will not, even to sustain the contract, give a meaning contrary to what they have expressed. That would be making a contract for them when they have failed to do so. The contract was therefore on its face that of defendant as assignee, and not his individual contract. But he had no authority to make it as assignee without leave of the court, for it involved the employment of funds in the hands of the assignee that it might not be for the inter-

est of the trust to so use. The court might previously authorize such a contract, and, because it might be of benefit to the trust, it might, on application of a party to it, if not previously authorized, subsequently ratify it, and direct the assignee to perform it. Such application would have to be made in the insolvency proceeding, so that the court might give the parties to and interested in that proceeding an opportunity to be heard. There is a great diversity in the cases as to the proper remedy against one who, without authority to do so, assumes to make a contract in a representative capacity, as in that of an agent, especially where the want of authority is not known to the other party to the contract; some cases holding that he may be sued upon it as his contract, others that he may be sued as upon an implied contract that he had the authority he professed to have. Cases of the former class are open to the objection that they make the contract that of A., when by its terms it is the contract of B. Without attempting to review the various decisions, we conclude it to be most in accordance with principle, and also with the more numerous and best-considered cases, that the party contracting in a representative character cannot, as a general rule, be sued on the contract itself as his contract. 1 Chit. Cont. 314; 1 Pars. Cont. 68, and cases cited. There may be exceptions to this rule. In the case of an administrator or executor there seems a pretty uniform concurrence of decisions that by contracting in his official character when he has no authority to do so he becomes personally bound on the contract. The action being against defendant personally on the contract, and he not being personally liable upon it, the action must fail. It is therefore unnecessary to consider any other question in the case.

Order affirmed.

(Opinion published 50 N. W. Rep. 925.)