(Opinion published 56 N. W. Rep. 1117.)

---

CHARLES B. WRIGHT *vs.* WILLIAM W. NICHOLS *et al.*

Submitted on briefs Nov. 1, 1893.   Affirmed Nov. 29, 1893.

No. 8311.

Deed and mortgage for purchase money construed to be but one contract.

N. purchased a town lot, and at the time of the execution of the deed paid part of the purchase price and executed to the grantor a purchase-money mortgage to secure the balance. The deed ran to N., "trustee for W. and C., party of the second part," and the mortgage was executed by N., "trustee for W. and C." *Held* that, whether the title to the property vested in N., or in W. and C. as beneficiaries, in either case the mortgage was a valid lien for the unpaid purchase money; and from the nature of the entire transaction, treated as indivisible, the grantee acquired the equity of redemption only.

Appeal by defendants, William W. Nichols, Clive Nichols and William W. Nichols, Jr., from an order of the District Court of Ramsey County, *Chas. E. Otis*, J., made May 2, 1893, denying their motion for a new trial.

On November 1, 1884, the plaintiff, Charles B. Wright of Philadelphia, Pa., for $800 sold and conveyed to "Aba C. Nichols of Neche, Dakota, trustee for William Nichols and Clive Nichols," lot seventeen (17) in block two (2) of Wright's rearrangement of blocks 22, 23, 24 and 25 in Anna E. Ramsey's Addition to St. Paul. She paid $226 and gave to Wright her three promissory notes for $178 each and interest, secured by a mortgage on the lot and dated that day, and all signed by her, "A. C. Nichols, trustee for Willie and Clive Nichols." In the body of the mortgage and in the notes she was named and described as "Aba C. Nichols of Niche, Dakota, trustee for William Nichols and Clive Nichols, party of the first part." She

died intestate July 29, 1886, leaving her surviving, her husband, the defendant William W. Nichols and her two children, the defendants, William Nichols and Clive Nichols, her sole heirs at law. The administrator of her estate paid two of the notes and this action was brought to foreclose the mortgage, sell the lot and out of the proceeds pay the remaining note. Harvey Officer was appointed guardian *ad litem* for the two children. He answered submitting their interests in the lot to the care and protection of the Court. At the trial on March 9, 1893, no evidence of any trust relation of Aba C. Nichols to her children was offered, other than the deed, notes and mortgage. The defendants contended that on the delivery of the deed the title to the lot vested immediately in the children, William Nichols and Clive Nichols, by virtue of the statute, 1878 G. S. ch. 43, § 5, and that the mortgage made by the trustee, Aba C. Nichols, was invalid, because she had no title to convey or mortgage. This contention was overruled by the Court. Findings of these facts were made and judgment for foreclosure and sale ordered. Defendants duly excepted, moved for a new trial, and being denied, appealed.

*Harvey Officer*, for appellants, cited *Thompson* v. *Conant*, 52 Minn. 208; *Hayes* v. *Crane*, 48 Minn. 39.

*James E. Markham*, for respondent.

VANDERBURGH, J. The court finds that on the 1st day of November, 1889, the plaintiff was the owner of a certain lot of land described in the complaint, and on that day, in consideration of the sum of $800, purchase price, agreed to be paid to him by Aba C. Nichols, he executed and delivered a deed of conveyance thereof to her. Of the purchase money she paid the sum of $266, leaving unpaid the sum of $534, for which she at the same time executed three promissory notes for $178 each, payable to the order of the plaintiff; and, contemporaneously with the execution of the deed and notes, the purchaser, Aba C. Nichols, for the purpose of securing the unpaid part of the purchase price so represented by the notes, executed and delivered to the plaintiff a mortgage upon the land described in the deed. Two of the notes have been paid, and this action is brought to foreclose the mortgage for the unpaid

balance of the purchase price represented by the third note. The mortgagor, Aba C. Nichols, died before the commencement of this action, and the defendants are her heirs at law. The notes were signed "A. C. Nichols, trustee for Willie and Clive Nichols." The mortgage was executed in the same way, and the deed ran to "Aba C. Nichols, trustee for Willie and Clive Nichols, party of the second part." The court rendered judgment for the plaintiff for the relief asked.

The appellants allege error chiefly on the ground that under our statute of uses no estate was vested in Aba C. Nichols, but that the deed must be construed as made in trust for Willie and Clive Nichols; and hence the estate passed immediately to them, and consequently there was no estate left in Aba C. Nichols which she could mortgage. At the trial the defendants claimed that the note and mortgage appeared on the face thereof to be the individual contracts of Aba C. Nichols, on the ground that there was no evidence that Mrs. Nichols was trustee, or entitled to execute contracts in a representative capacity, under the rule in *Peterson* v. *Homan*, 44 Minn. 166, (46 N. W. Rep. 303,) and cases cited, and objected to their admission in evidence on the ground that the mortgage was ineffectual as against the beneficiaries named in the deed. The court, however, held the mortgage valid and effectual as security for the unpaid purchase money. The defendants' counsel, as we understand, takes the position that, as respects the deed, no extrinsic evidence of the representative character of Mrs. Nichols was necessary or material, since the question is to be determined upon the face of the deed, and by virtue of the statute the trust was immediately executed; and that in such cases the words "trustee for" must be construed to mean the same as "in trust for" or "as trustee for." We will admit that it is hard to make any distinction between these terms in such a case, but, conceding that the terms here used disclose an intention on the part of Mrs. Nichols to take the deed in trust, yet we think that the result reached by the court was right.

The execution of the deed and mortgage constituted together one transaction between the same contracting parties. The intention of the parties is clear. She executed the mortgage apparently in the same capacity in which she was named in the deed. If she was

in fact a trustee, and authorized to make the purchase, and was acting in a representative capacity, the mortgage is good; and if she was not acting in a fiduciary relation, but in her individual capacity, and of her own motion elected to take the deed in this form, still the court will give effect to the manifest intention of the parties as gathered from the instrument and the nature of the transaction, and will not permit the mortgage to fail, but will declare, as in other cases of purchase-money mortgages between the parties to a contemporaneous deed, that the grantee or beneficiaries (if the trust be deemed executed) became vested with the equity of redemption only.

Order affirmed.

(Opinion published 56 N. W. Rep. 1118.)