CLOVER LEAF CREAMERY COMPANY v. J. G. BJORNSTAD.[1]

June 18, 1926.

No. 25,318.

**Directed verdict on note sustained.**

Verdict properly directed in favor of plaintiff upon the ground that it appeared upon the face of the note that defendant was personally liable and that there was no proof tending to show that he executed the note in any manner that would relieve him from personal liability.

Bills and Notes, 8 C. J. p. 161 n. 99 New.

Action in the district court for Hennepin county to recover upon a promissory note. The court, Waite, J., directed a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*Loring & Anderson*, for appellant.

*Ernest Malmberg* and *Malmberg & Nelson*, for respondent.

[1]Reported in 209 N. W. 892.

QUINN, J.

Action to recover upon a promissory note in which plaintiff is named as payee. The defendant admits the execution of the note, but alleges that he signed it in his capacity as president of the Lowry Hill Grocery, a Minnesota corporation, and not otherwise. At the close of the trial, the court directed a verdict in favor of the plaintiff. From an order denying his motion for a new trial, defendant appealed.

The sole question for determination upon this appeal is whether the court erred in directing a verdict. The note is as follows:

"$1283.54                    Minneapolis, Minn. Mar. 28, 1923.

On or before 6 mos. after date I promise to pay to the order of Clover Leaf Creamery Co., Twelve hundred eighty-three and 54/100 Dollars at 420 Broadway W. Value received with interest before and after maturity at the rate of 6 per cent per annum, until paid.

"Lowry Hill Grocery,

"By J. G. Bjornstad."

The trial court directed a verdict upon the ground that it appeared upon the face of the note that the defendant was personally liable, and that there was no proof in the record tending to show that the defendant executed the note in any other capacity than as an individual, or in any manner that would relieve him from personal liability thereon.

The corporation of which appellant was president at the time of the signing of the note in question was incorporated in 1902 under the name of "Holman-Gerdes Company." In 1922 the name was changed to "Lowry Hill Grocery, Incorporated," and in 1925 the name was changed to "National Grocery Company." The articles of incorporation and the by-laws of the company in force at the time appellant was its president have been lost or destroyed and no competent proof was offered as to the power of its president.

It is conceded that there was no Minnesota corporation by the name of "Lowry Hill Grocery" at the time of the execution of the note. We have examined the record in vain for a word of competent

proof that the defendant signed the note in the capacity of any existing corporation. It clearly appears from the face of the note that defendant was personally liable thereon. It is alleged in the complaint and admitted in the answer that defendant was doing business in the city of Minneapolis under the name and style of Lowry Hill Grocery. The trial court properly directed a verdict in favor of the plaintiff. Brunswick-Balke-Collender Co. v. Boutell, 45 Minn. 21, 47 N. W. 261.

Affirmed.