Crawford Door Sales Company of Chicago, Appellant,
v. Stanley Kowalik, Appellee.

Gen. No. 10,776.

Second District.
December 4, 1954.
Rehearing denied January 5, 1955.
Released for publication January 5, 1955.

Beryl A. Birndorf, and Joseph Bernstein, both of Chicago, for appellant.

Carl O. Bue, of Elmhurst, Illinois, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The Exel Door Company, Inc., an Illinois corporation, had been doing business with the Crawford Door Sales Company of Chicago and was indebted to them in the amount of $1,741.14. The Exel Company failed to pay the account after it was due and the Crawford Door Sales Company prepared three judgment notes and sent them to the Exel Door Company for their execution. The notes were signed Exel Door Company, Inc., by Stanley Kowalik, vice president and treasurer. The notes were not paid and on August 6, 1953,

the Crawford Door Sales Company procured a judgment by confession against Stanley Kowalik, individually, and not against the Exel Door Company, Inc. Shortly thereafter, Stanley Kowalik filed a motion in the circuit court of DuPage county to set aside the judgment as he was not personally liable on the note. The judgment was set aside and after a hearing on the merits, the court entered an order vacating and setting aside the former judgment, and entered judgment in favor of the defendant and against the plaintiff for costs. It is from this judgment that the appeal is prosecuted.

The affidavit in support of the appellee's motion to open up the judgment, stated that Kowalik individually had never done any business with the appellant, but all business transactions between the parties were between the Exel Door Company, Inc., and the appellant company; that the debt sued upon was solely the debt of the Exel Door Company, Inc.; that after the appellant had prepared the notes and sent them to the Exel Door Company, Inc., for their signature, a meeting of the board of directors of the Exel Company was called, and he was authorized by resolution of the corporation to execute the notes and according to such authorization he did execute them.

It appears from the record that the corporate name of the Exel Door Company, Inc., was changed to Exel Construction Corporation. It is claimed by the appellant that it had no notice of such changed incorporate name at the time the notes were executed, and on account of such corporate name being changed, Stanley Kowalik who signed the notes became individually liable.

Some evidence was heard by the court. Harold A. Thayer, the treasurer of the Crawford Door Sales Company was called as a witness by the defendant. He stated that he was familiar with the dealings between his company and the Exel Door Company. He stated

33

that Stanley Kowalik had never done any business individually, with his company and the only indebtedness that the notes represented was for the Exel Door Company, Inc., for material and supplies furnished by his company to the Exel Door Company. They requested that the notes in question be signed for an extension of time to pay the debt that the Exel Door Company owed his company, and the notes were accepted as such.

Thomas N. Carter testified that he was president of the Exel Door Company, Inc. and was president of the Exel Construction Corporation, and that the latter succeeded the former corporation; that the board of directors of the two corporations were identical and the same business was carried on by the new corporation. The assets were the same.

The evidence also shows that the matter of how the notes should be signed was discussed by the board of directors of the corporation in its old name, and under the new name and it was decided that the proper way to sign the notes was the way they were signed. The appellants have cited two cases which they claim the facts of the situation are the same as in this present case—one that arose in the Supreme Court of Minnesota, reported in 209 North Western at page 892 [Clover Leaf Creamery Co. v. Bjornstad, 168 Minn. 17], the syllabus of the case is written by the court and is as follows: "Note signed 'L. H. Grocery, by' defendant, held to make defendant personally liable, in view of fact that there was no domestic corporation by such name, and that defendant carried on business under such name." In the Minnesota case, the court in its opinion stated there was no competent proof in the record to show that L. H. Grocery ever authorized the signature to the note. The facts in that case are entirely different from the facts in the instant case that we are considering. Another case relied upon by the appellant is Black, Sivalls & Bryson, Inc. v. Connell, re-

ported in 86 Pacific Reporter, 2nd Series 545 [149 Kan. 118], a case decided by the Supreme Court of Kansas. In this case the note was signed Connell Oil Company, by O. J. Connell, president. Judgment was taken against Connell, individually, and he attempted to have it set aside as not being his individual obligation. The record shows that the charter of the Connell Oil Company had been forfeited by the State. It seems to us that this case considering the fact that the Connell Oil Company's charter had been forfeited by the State, has little bearing upon the facts as presented in the instant case.

In the case of Freeman & Co. v. Regan Co., 332 Ill. App. 637, a corporation had changed its name and the Appellate Court of the first district in discussing this matter uses this language: "Plaintiff states that a suit may be brought against a corporation in the name in which it contracted the obligation even though the corporation may have amended its articles of incorporation to some other name. In such a situation the attorney representing the corporation would, following the customary practice, suggest the change in name and have the record so show. The change of name would not affect the liability. If the change of name occurred before the commencement of the suit, such action should be commenced by or prosecuted against the corporation under its new name. A corporation retains its corporate identity when it changes its name. Similarly, a person remains the same individual when he changes his name."

This court in the case of Greenlee v. Beaver, 334 Ill. App. 572, we there quote: "Sec. 20 of the Negotiable Instruments Law (ch. 98, Ill. Rev. Stats., par. 40 [Jones Ill. Stats. Ann. 89.040]) which provides that where the instrument contains, or a person adds to his signature words indicating that he signs for, or on behalf, of the principal, or in a representative capacity, he is not liable on the instrument, if he was duly authorized; but

the mere addition of words describing him as agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." Later on in the opinion it is stated: "It is clearly established, moreover, that such extrinsic evidence is admissible to show the intention of the parties, and the capacity in which they signed the instruments, and this intention is controlling in determining their liability."

Section 57 of The Business Corporation Act, Illinois Revised Statutes for 1953, chapter 32, section 157.57 [Jones Ill. Stats. Ann. 32.057] provides in part as follows: "No amendment shall affect any existing cause of action in favor of or against such corporation, or any pending suit in which such corporation shall be a party, or the existing rights of persons other than shareholders; and, in the event the corporate name shall be changed by amendment, no suit brought by or against such corporation under its former name shall be abated for that reason."

In the present suit it is clearly established that the appellee was authorized both by the officers of the Exel Door Company, Inc. and the Exel Construction Corporation to execute the note in question. There is no showing that the Exel Door Company, Inc. was unable to meet this obligation as represented by the note. The evidence clearly shows that the Crawford Door Sales Company never had any business transaction individually with Stanley Kowalik, and it is our conclusion that he was not personally liable on these notes in question, and that the trial court properly found the issues in his favor. The judgment of the court should be and is hereby affirmed.

Affirmed.

DOVE, J., concurs.

ANDERSON, J., took no part.