Benjamin F. Pratt

*vs.*

Bruno Beaupre.

Where words are affixed to the name of a party on a contract which may be either descriptive of the person, or indicative of the character in which he contracts, *prima facie*, they are descriptive of the person only, but the fact that they were understood as determining the character in which the party contracted, may be shown by extrinsic evidence. But the burden of proof rests upon the party seeking to change the *prima facie* character of the contract, and when the change is sought to be made

by A on the ground of an agency, the fact of the agency must be established, and in the absence of evidence to establish that fact, evidence tending to show that B, the other contracting party, contracted with A as agent, is not material evidence.

This action was brought in the District Court for Ramsey County against Bruno Beaupre, as the surviving partner of the firm of Temple & Beaupre, to recover damages for the breach of a contract, alleged in the complaint to have been made and entered into by and between the plaintiff and said firm. The answer was a general denial. The real defense was that the contract sued upon was not the contract of said firm, but of the steamer Flora or its owners. The cause was tried before the Court without a jury. The only testimony on the trial was introduced by plaintiff, and consisted of the contract, which was in writing, and the deposition of the plaintiff. The defendant objected to the introduction of the contract in evidence, on the ground that it did not tend to prove the contract alleged in the complaint, that is, as to the parties who executed it. The objection was overruled, and defendant excepted. The contract is set out in full in the opinion of the Court. The plaintiff offered to read the deposition in evidence, except certain portions marked therein A, B, C. The defendant objected to such reading, unless the whole deposition was put in evidence. The Court ordered the whole deposition read, the portions not offered by plaintiff subject to be stricken out if the Court should deem them improper. The Court afterwards decided that such portions of the deposition were immaterial, and they were stricken from the testimony, and defendant excepted to the ruling. The portions stricken out were as follows: A: "The steamboat was of course to do it, and I supposed they (Temple & Beaupre) were acting as agents of the steamboat." B: "They said they were acting as agents; I did not know that it was

Pratt v. Beaupre.

for one steamboat; I thought it was for a line of steamers up the Minnesota river; I did not understand them to be owners at all, only agents for the boat or boats." C: "When I received this contract I saw they signed it as agents of the steamboat Flora, but I did not understand that it was to be brought in that particular boat, but upon barges or other boats, or any way, as the river was very low at that time." The portion of the deposition received in evidence related to the execution of the contract, the readiness of plaintiff to perform on his part, the breach by defendant, and the damages resulting. The Court found that the plaintiff was entitled to judgment for $675, and judgment was entered pursuant to such finding. Defendant appeals.

Lorenzo Allis for Appellant.

Brisbin & Warner for Respondent.

*By the Court*—McMillan, J.—This action is brought by the plaintiff to recover damages for an alleged breach of a contract to transport and deliver certain flour. The contract is in the following words:

"Saint Paul, May 6, 1863.

"We, Temple & Beaupre, of Saint Paul, Ramsey county, Minnesota, for the consideration of twenty-five dollars to us in hand paid, the receipt whereof is hereby acknowledged, have bargained, agreed and contracted with B. F. Pratt, of St. Peter, to receive at his mill in Saint Peter, county of Nicollet, State aforesaid, one thousand and four hundred barrels (1,400) of flour, and transport the same and deliver to Capt. M. P. Small, Commissary of Subsistence for the United States, on the levee in Saint Paul, at such time as he, the said Small, shall direct, for the sum of twenty-five cents

vol. xiii.—14

for each barrel so transported, and delivered in good order.

(Signed)                          TEMPLE & BEAUPRE,

Agents Steamer Flora.

B. F. PRATT."

The words "agents steamer Flora," attached to the signature of Temple & Beaupre, are *"descriptio personarum."* The rule is, that when words which may be either descriptive of the person, or indicative of the character in which a person contracts, are affixed to the name of a contracting party, *prima facie*, they are descriptive of the person only; but the fact that they were not intended by the parties as descriptive of the person, but were understood as determining the character in which the party contracted, may be shown by extrinsic evidence; but the burden of proof rests upon the party seeking to change the *prima facie* character of the contract. And when a party who thus seeks to change the *prima facie* character of the contract, does so on the ground of agency in making the contract, the fact of his agency must be established; for if he acted as an agent without authority, he is personally liable. On the trial of this cause the only evidence was the deposition on the part of the plaintiff. The defendant offered no evidence. There is no evidence to establish the *fact* of the agency of Temple & Beaupre. In the absence of evidence to prove that fact, those portions of the deposition of the plaintiff indicated by the letters A, B, C, respectively, although under other circumstances they might be competent as evidence tending to show that the plaintiff contracted with them as agents, are not material. They were therefore properly stricken out. This determines the only point raised by the defendant's counsel. The judgment below is affirmed.