RHONE v. POWELL.

1. VERDICT CONCLUSIVE, WHEN.
The finding of the jury upon conflicting testimony is conclusive .upon
  review, unless error intervenes in the admission of evidence or in-
  structing the jury.
2. DESCRIPTIO PERSONÆ.
The word "agent" added to the name of one signing a contract is
  prima facie descriptio personæ, and in the absence of proof chang-
  ing its prima facie character the instrument is to be construed as
  the individual act of the party executing it.

*Appeal from the District Court of Mesa County.*

Messrs. THOMAS & THOMAS, for appellant.

Messrs. BUCKLIN, STALEY & SAFLEY, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

Charles E. Powell, plaintiff below, sues to recover $500
on account of certain fruit trees sold and delivered by him
to defendant, Henry R. Rhone.  Defendant denies that he
ever bought any fruit trees from plaintiff or is in any man-
ner indebted to him.  Upon the trial defendant admitted
that he bought the trees through the plaintiff, and that they
have not been paid for, but insists that he purchased them
from plaintiff as agent for Smith, Powell & Lamb, nursery-
men at Syracuse, New York, and that the indebtedness is due
to that firm and not to plaintiff, and that he is not entitled to
maintain the action.

This was the sole question in issue upon the trial of the
cause, and having been submitted to a jury and determined
adversely to the defendant and in favor of plaintiff upon con-
flicting testimony, their finding is conclusive upon this re-
view, unless error intervened in the admission of evidence,
or in the instructions given to the jury.  The plaintiff, in

support of the issue on his part, introduced in evidence the following written contract or order, in pursuance of which the trees were delivered to defendant :

"Nov. 21st, 1889.

" MR. C. E. POWELL : Please furnish me the following bill óf nursery stock from Smith, Powell & Lamb nurseries, · Syracuse, N. Y., and deliver the same at Rhone Station in the spring of 1890, for which I agree to pay on delivery twenty-two hundred and fifty dollars in cash without defalcation. (Here follows a description of the trees to be furnished.)    And further, I positively agree not to countermand this order, and call at the above named place of delivery on the day mentioned, upon being notified either personally or by mail of said delivery and receive and settle for same.

" (Purchaser's signature.)

" In consideration of the above we agree and bind ourselves to furnish the articles as therein specified, and we further agree to replace free of charge any that fail to grow with proper care.          " By C. E. POWELL, Agent."

Plaintiff was permitted to introduce parol testimony that he was acting in his own behalf in the sale of the trees in question, and not as the agent of the company.    Evidence was introduced in behalf of defendant tending to show that plaintiff, by published notice in the newspaper and representations, had held himself out as the agent of Smith, Powell & Lamb, and that he, the defendant, through him as such agent, purchased the trees on the strength of such representations.

It is insisted by counsel for appellant that it was error to admit this order in evidence in support of appellee's cause of action, for the reason that on its face it must be construed as a contract between appellant and the firm of Smith, Powell & Lamb, and not a contract with appellee in his own right. This contention is utterly without foundation either upon the facts or the law.    The writing by its terms neither purported to be the contract of Smith, Powell & Lamb, nor was it exe-

cuted in their name, but was by its terms and mode of execution *prima facie* the individual contract of Powell. The addition of the word "agent" was *prima facie descriptio personæ*, and, while the fact that the word was not so intended, but was understood by the contracting parties as indicating that the contract was signed in a representative capacity, may be shown by parol testimony, the contract is to be construed as *prima facie* the individual act of the party executing it. The order in question was, therefore, admissible in evidence as the contract of Powell, and the burden of proof rested upon appellant to change its *prima facie* character. *Pratt v. Beaupre*, 13 Minn. 187.

The court below, in recognition of this rule, admitted the writing in evidence and properly instructed the jury in relation thereto as follows :

" Smith, Powell & Lamb are not represented in this suit, and are not here claiming to own this indebtedness, and it devolved upon the defendant to show that Smith, Powell & Lamb are the real owners of this indebtedness, as in law the written order introduced in evidence would not bind Smith, Powell & Lamb, but would hold the plaintiff."

Without noticing in detail the other objections urged against the instructions as given by the court below, we think that taken as a whole they fairly and correctly embody and express the law applicable to the issue being tried, and that the evidence clearly sustains the verdict upon the merits of the case, and as well the attachment issue upon the ground that the demand was for articles purchased that should have been paid for upon delivery. The judgment is accordingly affirmed.

*Affirmed.*