Thomson, J.,
delivered the opinion of the court.
J. H. Lewis brought this suit against the Mutual Life Insurance Company of New York to recover a balance of $775.93 alleged to be due him for services as special agent of the defendant. The complaint sets forth in full a contract in writing, in pursuance of which the services are alleged to have been rendered, and upon which the plaintiff bases his right to recover. That contract is as follows :
“ Denver, Colo., February 17,1893.
“It is mutually agreed between John L. Stearns, general agent of the Mutual Life Insurance Company of New York, and Mr. J. H. Lewis, that the latter shall act as special agent for this company under the schedule of commission attached, and that he shall receive a guarantee of $200 per month for one year from date, said guarantee to be deducted from commission earnings. It is further agreed that all travelling expenses for business done outside of Denver by said J. H. Lewis shall be borne by said J. L. Stearns. The following is the schedule of compensation referred to above.” Here follows the schedule mentioned, below which are the signatures “ John L. Stearns, General Agent. John H. Lewis.”
The complaint alleges that the writing was the contract ■of the defendant, that he rendered the services under the direction of the defendant, and.that the defendant paid him from time to time for his services various sums, aggregating *370 §1,685.57, leaving due the balance he seeks to recover. A 'demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was sustained, and the ruling was followed by final judgment, from which the plaintiff prosecutes error.
The defendant’s contention is that there is no liability against it on account of the plaintiff’s employment, because it is not a party to the contract; and that whatever liability exists is against John L. Stearns; while it is urged for the plaintiff that under the allegations of the complaint, he was entitled to prove that Stearns executed the contract in a representative capacity, and that it was the intention of the parties to bind the defendant.
In the body of the contract Stearns described himself as general agent of the defendant, and he signed it “John L. Stearns, General Agent;” but it does not appear on the face of the writing that Stearns was acting for or in behalf of the defendant, or that the words which followed his name were intended to have any significance except as descriptive of the person. If he was in fact the agent of the defendant, with authority to bind it by such a contract, and if it was understood and intended by the parties that in entering into the contract he acted merely as agent, and executed it for .the defendant as such agent, those facts may be shown by •evidence outside of the paper itself. Without such proof •the writing was the contract of Stearns, but evidence is ad■anissible to show that in making it he acted for the defendant.
In Pratt v. Beaupre, 13 Minn. 187, the court said: “ The rule is, that when words which may be either descriptive of the person, or indicative of the character in which a person ■ contracts, are affixed to the name of a contracting party, prima facie, they are descriptive of the person onlj'-; but the fact that they were not intended by the"parties as descriptive of the persou, but were understood as determining the char'acter in which the party contracted, may be shown by extrinsic evidence; but the burden of proof rests upon the .'party seeking to change the prima facie character of the con *371 tract.” To the same effect is the opinion in Rhone v. Powell, 20 Colo. 41.
We think the complaint contains allegations sufficient to enable the plaintiff to introduce evidence concerning the capacity in which Stearns acted in making the contract, and that the demurrer was therefore improperly sustained. '
The judgment will be reversed.

Reversed.