HENRY F. WATTS and Another v. BENJAMIN F. HOWARD.[1]

November 11, 1897.

Nos. 10,784—(116).

Trial—Incompetent Evidence—Discretion of Court.

When a question to a witness in terms calls for incompetent evidence, and no objection is made to the question, and the answer is responsive to it, it is discretionary with the court whether the answer shall be stricken out.

Principal and Agent—Authority—Private Instructions to Agent.

Every agency, whether general or special, carries with it authority to do whatever is usual and necessary to carry into effect the principal power, and the principal cannot restrict his liability for acts of his agent thus within the apparent scope of his authority by private instructions not communicated to those with whom he deals.

Same—Authority to Buy or Sell—Custom.

An agent with authority to purchase or sell has authority to purchase or sell in the usual and ordinary manner.

Same—Purchase of Logs—Scaling.

An agent with authority to buy logs has authority to agree that the measurement of the logs shall be ascertained by a scale to be made in the usual and ordinary way, and that they shall be paid for according to that scale.

Appeal—Assignment of Error—Rule 9 of Court.

An assignment of error to several different parts of the charge of the court, relating to entirely different and distinct propositions, is not in compliance with rule 9 of this court, and will not be considered.

Appeal by defendant from a judgment of the municipal court of Duluth, entered pursuant to a verdict of $151.06 in favor of plaintiffs, after a trial before Boyle, Special Judge. Affirmed.

*Richards & Crandall,* for appellant.

*Allen, Baldwin & Baldwin,* for respondents.

[1] Reported in 72 N. W. 840.

MITCHELL, J.

This action was brought to recover the purchase price of certain logs sold and delivered by plaintiffs to defendant. The sale and delivery and the agreed price per thousand feet were admitted by the defendant; the only real controversy being as to the number of feet in the logs. They had been scaled by the scaler employed at defendant's mill. The scale bill having been retained by the defendant at his office, one of the plaintiffs went there to ascertain its amount, and saw defendant's foreman. When this plaintiff was being examined as a witness in his own behalf, his counsel asked him, "Did he [the foreman] say how much the scale was?" to which the witness answered, "I asked him and he said '42,500 feet.'" Defendant's counsel then moved that the answer be stricken out, and the court's refusal to do so is now assigned as error.

When a question in terms calls for incompetent evidence, and no objection is made to the question, and the answer is responsive to it, it is discretionary with the court whether or not to strike out the answer. Moreover, as the defendant had admitted that the scale amounted to about 40,000 feet, the difference between that and 42,500 would only amount to $8.75, which is too small to justify a reversal, especially as the defendant had the scale bill in his own possession, and could easily have produced it, if there was any mistake as to the amount.

2. When plaintiffs solicited defendant to buy the logs, he referred them to one Campbell, as the person who attended to that business for him, and requested them to go and talk to him. In pursuance of this direction, plaintiffs sought Campbell, and took him where the logs were; and after he had examined them he and they agreed on the terms of the sale, one of which was that the logs were to be scaled by the scaler employed at the defendant's mill as soon as they arrived there, and that they should be paid for according to that scale, at $3.50 per thousand feet.

Upon the trial, defendant offered to prove that Campbell had no authority to bind him by agreeing that the logs should be scaled in any particular way, "or that the scale of any particular person should govern or fix the basis for the parties," or to "designate the manner in which the merchantable pine lumber in the saw logs

should be ascertained." The exclusion of this evidence is assigned as error. There was no offer to prove that the plaintiffs had notice of any such limitations upon Campbell's authority. The evidence was properly excluded.

Every agency carries with it, or includes in it, the authority to do whatever is usual and necessary to carry into effect the principal power, and the principal cannot restrict his liability for acts of the agent within the apparent scope of his authority by private instructions not communicated to those with whom he deals. These principles apply as well to special as to general agents. An agent with authority to sell or buy has authority to sell or buy in the usual and ordinary manner. In this state the purchase and sale of logs according to a scale to be made is so general and notorious that courts will take notice of the fact. The manner stipulated in this contract for ascertaining the amount of lumber in the logs was the usual and ordinary way, and hence within the apparent authority of an agent to purchase logs, and the plaintiffs are not bound by any private limitations upon Campbell's authority in that regard not communicated to them.

3. The seventh assignment of error relates to the charge of the court, but it cannot be considered, because it groups together in one assignment eight different portions of the charge, upon entirely different and distinct matters, in violation of rule 9 of this court. We may say, however, that upon a cursory examination of the charge, we find no substantial error in it. It is subject to the criticism of being far too long, but that is not a ground for the assignment of error.

Judgment affirmed.