LEONARD FURUSETH AND ANOTHER v. PETER O. OLSON.

210 N. W. 2d 47.

August 3, 1973—No. 44033.

*Olson & Kief* and *Paul A. Kief,* for appellant.
*Curtis L. Charlson,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, and MacLaughlin, JJ.

PER CURIAM.

This is an appeal from a judgment ordering specific performance of a contract for the sale of certain lake lots. The main issue is whether the contract is sufficiently definite and certain to be specifically enforceable.

On June 18, 1969, plaintiffs, Leonard Furuseth and George Baker, agreed to buy from defendant, Peter O. Olson, two lots on the shore of Upper Red Lake and entered into the following agreement signed by defendant:

"Received $50.00 from Geo. Baker and Leonard Furuseth for 200 ft of Lakeshore located south of the Sandgren property.

"Baker and Furuseth will build a road to the property from hiway 72 as agreed upon after Completion of the road Pete Olson will give Clear title to 2 100 ft lots and second party will pay the Bal of $450.00."

Plaintiffs paid the $50 as required by the writing and later paid defendant another $100 toward the contract price.

The road was to be built on land owned by one Sandgren, and defendant obtained an easement for the road from him. In granting the easement, Sandgren imposed a condition that he be able to drive a passenger car on the road.

In June 1969, and in the spring or summer of 1970, Baker worked with his heavy earthmoving equipment to clear a right-of-way from

Highway 72 to the lots. At defendant's instruction, Baker cleared only up to a then-proposed channel behind the lots, a distance of about 0.8 miles from Highway 72. Plaintiffs apparently understood that this was the extent of their obligation, but defendant claimed they were also to clear a service road behind the lots after the channel was dug. Defendant also contended that plaintiffs should gravel the road. Instead, plaintiffs merely placed on the road "sugar sand" available at the site. Without gravel, passenger cars could not travel on the road.

Several other parties worked on the service road and the road between the channel and Highway 72, both leveling and graveling. This additional work was either performed or paid for by defendant. Although the road apparently still needs some work, it is now suitable for passenger cars.

Because defendant felt that plaintiffs had not fulfilled their obligation to build a road, he refused to convey title to the lots upon plaintiffs' tender of the $350 remaining on the contract price. Defendant also would not accept plaintiffs' offer to pay an additional $705 for graveling the road. Plaintiffs brought this action for specific performance of the contract. The trial court ordered defendant to convey title and ordered plaintiffs to pay defendant the $350 remaining on the contract price, plus an additional $705 to compensate defendant for the cost of providing sufficient gravel.

1. Defendant argues that the contract is not so definite and certain as to be specifically enforceable. The contract requires plaintiffs to "build a road to the property from hiway 72 as agreed upon." The contract does not specify the width or surface of the road and does not clearly state whether plaintiffs were also required to build the service road behind the lots.

Traditionally, in order for a court to grant specific performance of a contract, the terms of that contract had to be so specific and distinct as to leave no reasonable doubt of their meaning. In recent years, that historical insistence upon specificity has been relaxed somewhat, and this court has ordered specific performance of contracts containing indefinite terms. Brownlee v. Ertzos, 289 Minn. 83, 182 N. W. 2d 697 (1970); 17B Dunnell, Dig. (3 ed.) § 8781.

Before specific performance can be granted, the contract must still be certain and complete. However, it is not necessary that every possible question be answered in advance by the parties before a contract can be specifically enforced; it is only necessary that the intent of the parties as to fundamental terms be ascertainable with reasonable certainty. Kennedy v. Hasse, 262 Minn. 155, 114 N. W. 2d 82 (1962).

Furthermore, the law does not favor invalidation of contracts because of indefiniteness, and if the terms can be reasonably ascertained in a manner prescribed in the writing, the contract will be enforced. Brownlee v. Ertzos, *supra*; King v. Dalton Motors, Inc. 260 Minn. 124, 109 N. W. 2d 51 (1961); 11 Williston, Contracts (3 ed.) § 1424. We are convinced that the intent of the parties as to the road can be ascertained with reasonable certainty and that the trial court did not err in determining that intent. See, Restatement, Contracts, § 370, *illustration 2*.

2. Defendant also contends that the trial court improperly granted specific performance because plaintiffs failed to prove their performance of the contract. Specific enforcement may properly be refused if a substantial part of the agreed exchange for the performance to be compelled is as yet unperformed. Restatement, Contracts, § 373; Boulevard Plaza Corp. v. Campbell, 254 Minn. 123, 94 N. W. 2d 273 (1959); 17B Dunnell, Dig. (3 ed.) § 8788(3).

Implicit in the trial court's decision is that it found that plaintiffs had completed the road according to the contract, with the exception of $705 worth of graveling.

Where, as here, the trial court makes factfindings without a jury, such findings shall not be set aside unless clearly erroneous, and due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. Rule 52.01, Rules of Civil Procedure. A factfinding can be held to be clearly erroneous only if the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972). This is not such a case. There is ample evidence to support a finding that, with the exception of the graveling, plaintiffs built "a road to the property from hiway 72" as required by the contract. Therefore, we hold that the trial court properly granted specific performance of the contract.

We have considered other contentions made by defendant and find them without merit.

Affirmed.

Mr. Justice Yetka and Mr. Justice Scott, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.