WEATHER-RITE, INC. v. SOUTHDALE PRO-BOWL, INC., AND OTHERS.
FRANK BUETEL, RESPONDENT.

222 N. W. 2d 789.

October 11, 1974—No. 44016.

*Cummins & Sheahan* and *Carl W. Cummins III,* for appellant.

*Gilbert J. Schlagel,* for respondent.

*Carl W. Funk,* for Permanent Editorial Board for the Uniform Commercial Code, amicus curiae.

Heard before Knutson, C. J., and Kelly, MacLaughlin, and Mulally, JJ., and considered and decided by the court en banc.

KELLY, JUSTICE.

Plaintiff, Weather-Rite, Inc., brought this action as payee on a promissory note given by Southdale Pro-Bowl, Inc., against defendant Frank Buetel, an officer of Southdale whom plaintiff alleges is an individual endorser of the note. The trial court, over plaintiff's continuing objection, admitted parol evidence concerning the execution of the note and its endorsements, and concluded that defendant had endorsed the note as an officer and agent of Southdale and not in his individual capacity. Plaintiff appeals from an order denying a motion for a new trial. We affirm.

The note in question was a preprinted form. On the maker's signature line was the typewritten name of the corporate debtor, "Southdale Pro-Bowl, Inc." On the line below, one of its officers, John Dorek, signed his name and representative capacity, "President." On the third line, defendant's signature, "Frank Buetel," appears without indication of agency status.[1] The signatures of these men also appear on the reverse side of the note: "John H. Dorek, Pres." and "Frank Buetel."

1. The significant issue raised by this appeal is whether parol evidence was properly admitted in the court below. The controlling statute, Minn. St. 336.3—403(2), provides:

"An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

---

[1] Plaintiff concedes that Buetel signed the note as a maker in his capacity as an officer of Southdale Pro-Bowl, Inc.

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

Plaintiff contends that, since neither the defendant's representative capacity nor the principal on whose behalf defendant allegedly acted is shown in the endorsement, parol evidence of agency status should have been excluded. A further argument is made that the Minnesota case law is in accord with the code. This court in Giltner v. Quirk, 131 Minn. 472, 155 N. W. 760 (1915), did hold that evidence of parol contemporaneous agreement to vary the effect of an endorsement of a promissory note is inadmissible. However, in Giltner this court noted that there were exceptions to that rule.

Defendant argues that his situation should be an exception to the parol evidence rule applicable to the immediate parties, as provided for in § 336.3—403(2)(b).

If plaintiff were a holder in due course of the note in question, we would have no difficulty in agreeing that parol evidence would be inadmissible under § 336.3—403(2)(a). But where only the immediate parties are involved, the issue is less clear. There are few decisions, none of them identical to this case. One of the closest is Central Trust Co. v. J. Gottermeier Development, 65 Misc. 2d 676, 677, 319 N. Y. S. 2d 25, 26 (1971). The facts and holding of that case are briefly summarized in the following excerpts from the decision:

"Plaintiff is the holder of a note * * * payable to its order * * * made by the defendant corporation and signed by John B. Gottermeier as its president. On the reverse side of the note the signature of 'John B. Gottermeier' appears under a printed guarantee agreement. * * *

"John B. Gottermeier claims that his indorsement was made

in his capacity as president of the defendant corporation and not as an individual, that he is not personally obligated on the note, and that parol evidence is admissible on the trial to prove the foregoing. Neither the name of the corporation, which he claims he represented, nor the nature of the representative capacity, in which he claims he acted, appears on the portion of the instrument which bears his indorsement. Under these facts, he is personally obligated by reason of his indorsement of the note, and parol evidence is inadmissible to prove that he indorsed the note in a representative capacity."

While this may be a sound position, there is a critical distinction between the facts of that case and ours. The presence on the reverse side of the note of the signature, "John H. Dorek, Pres.," shows at least a possibility that the immediate parties understood that defendant, too, was signing in a representative capacity. Since this dispute is restricted to the immediate parties, the endorsement, ambiguous when viewed in its complete context, should be clarified by parol evidence of the circumstances surrounding its execution.[2] To this end, the trial court was correct in overruling plaintiff's objection to the admission of parol evidence.

2. The issue of sufficiency of the evidence to support the trial court's finding that defendant endorsed the note as a corporate

---

[2] This position has the support of the Permanent Editorial Board for the Uniform Commercial Code. The board filed a brief as amicus curiae in this case, and came to the following conclusion:

"In the present case, the form of the note itself raises doubt. If the payee wanted the individual liability of the two officers of Southdale, why did it accept the indorsement: 'John H. Dorek, Pres.'? On the other hand, if Buetel thought he was signing only as an officer of Southdale, why did he not add to his signatures something to show he was vice president? Anyone looking at the present note will have at least some shadow of doubt cross his mind, and since the plaintiff is the payee, all of the parties should be allowed to tell their stories. There is a factual question which should be resolved by a jury, or a judge sitting without a jury."

350

officer rather than individually requires a brief statement of the facts. The note in question had its genesis in a contract between Weather-Rite and Southdale for installation of air-conditioning equipment at the latter's bowling alley. In payment for the completed work, a promissory note dated April 9, 1969, and payable in six installments, was executed in favor of plaintiff in the principal amount of $6,039. On April 21, 1969, a corporate officer of plaintiff met with defendant and obtained his signature below that of Dorek on both the front and back of the note. According to testimony at the trial, defendant signed twice in one continuous act after the plaintiff's officer said, "we need your signature on here as an officer of the corporation." While there was some testimony to the contrary, we cannot interfere with the trial court's findings where the evidence, taken as a whole, furnishes substantial support for them. 1B Dunnell, Dig. (3 ed.) § 411. Such is the case with the trial court's finding that defendant executed the endorsement as an officer and agent of Southdale Pro-Bowl, Inc., and not in an individual capacity.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.