**OLD REPUBLIC INSURANCE COMPANY as Assignee of Northwestern National Bank of Minneapolis, Appellant,**

v.

**Irwin B. MESHBESHER, etc., et al., Respondents.**

No. 49383.

Supreme Court of Minnesota.

Dec. 14, 1979.

Wagner, Rutchick & Trojack and John E. Trojack, St. Paul, for appellant.

Meshbesher, Singer & Spence, James H. Gilbert and John P. Clifford, Minneapolis, for respondents.

Heard before SHERAN, OTIS, and KELLY, JJ., and considered and decided by the court en banc.

KELLY, Justice.

Plaintiff, Old Republic Insurance Company, appeals the judgment of the district court exonerating defendant, Joel Clein, from individual liability on an installment note assigned to plaintiff by Northwestern National Bank of Minneapolis. The district court found that defendant signed the note in his representative capacity of president of Farmington Investment Corporation and that he had authority to bind the corporation. We reverse and remand with instructions to enter judgment in plaintiff's favor.

In June of 1974 Irwin Meshbesher applied for a home improvement loan at Northwestern National Bank. The proceeds of the loan were to be used to improve a farm home owned by Farmington Investment Corporation in which Meshbesher lived. Meshbesher is one of the corporation's owners. Bank policy prohibited loans of this kind to corporations. The bank officer who negotiated the loan, Burdell Anderson, told Meshbesher that he required the "amount of signatures that were required to borrow against the Farmington Corporation." Meshbesher, rather than the bank, obtained defendant's signature on the note as well as the signature of Greenstein, another owner of the corporation. Defendant signed the note "Joel Clein, Pres." At some point, lines were drawn through the word "Pres." which appears after defendant's signature. No evidence was introduced at trial indicating who drew the lines or when they were drawn.

Meshbesher made payments on the note and owed $4,981.92 when he defaulted in March of 1976. On September 7, 1976, the bank assigned the note to plaintiff, its guarantor.

Plaintiff sued for the balance due under the note, arguing that Meshbesher was the principal obligor and that Greenstein and defendant were accommodation makers. As against the corporation, plaintiff sought to establish a constitutional lien on the

farm home. At some point before trial plaintiff dismissed the suit against the corporate defendant with prejudice and the suit against Meshbesher and Greenstein without prejudice.

The district court found that defendant signed the note in a representative capacity for Farmington Investment Corporation and that he had authority to sign the note on behalf of the corporation. Therefore, the court held, apparently pursuant to Minn.Stat. § 336.3–403 (1978),[1] that defendant was not individually liable on the note.

■ Minn.Stat. § 336.3–403(1) (1978) required defendant, by way of parol evidence, to affirmatively show that the debt was one the corporation had power to incur and that he had authority to incur obligations on behalf of the corporation. No presumption of implied or apparent authority to incur corporation obligations arises merely upon proof that the signatory of a note is a president of a corporation. *Cloverleaf Creamery Co. v. Bjornstad*, 168 Minn. 17, 18, 209 N.W. 892, 893 (1926); *Brunswick-Balke Collender Co. v. Boutell*, 45 Minn. 21, 23, 47 N.W. 261, 262 (1890); *Pratt v. Beaupre*, 13 Minn. 187 (Gil. 177) (1868).

■ Minn.Stat. § 301.30 (1978) provides that the officers of a corporation shall have "such authority * * * as may be prescribed in the bylaws, or * * * as may be determined by the board of directors." Defendant did not introduce the corporation's bylaws or statement of purpose into evidence. Neither Meshbesher nor defendant testified as to president's authority to incur obligations on behalf of the corporation.

Similarly, defendant introduced no evidence indicating an understanding between the parties that defendant signed the note in his representative capacity as president

and not in his individual capacity. Instead, the evidence revealed defendant's and Meshbesher's understanding that the note represented Meshbesher's personal obligation. Defendant advanced the tenuous position, both at trial and before this court, that he did not bind either himself or the corporation when he signed the note. Other evidence reflected the bank's view of the transaction as a loan to Meshbesher as principal obligor with defendant and Greenstein as accommodation makers. The bank had absolutely no personal contact with defendant. Meshbesher was the sole loan applicant and procured defendant's signature on the note.

This case is unlike *Weather-Rite, Inc. v. Southdale Pro-Bowl, Inc.*, 301 Minn. 346, 222 N.W.2d 789 (1974) where this court upheld a trial court's finding that the defendant endorsed a note as an officer and agent of a corporation and not in his individual capacity. In *Weather-Rite*, the plaintiff-payee of the note dealt personally with the defendant, instructing him that his signature on the note as an officer of the corporation was a necessity. In other words, sufficient evidence existed from which to conclude that *both* parties to the transaction understood the debt was incurred in a representative capacity.

After a consideration of the entire evidence we are left with a definite and firm conviction that the trial court was mistaken when it made findings of representative capacity and authority to incur corporate obligations. *Furuseth v. Olsen*, 297 Minn. 491, 210 N.W.2d 47 (1973).

■ According to Minn.Stat. § 336.3–307 (1978) a signature on an instrument is admitted unless it is specifically denied in the pleadings. Unless a defendant establishes a defense, production of a negotiable instru-

---

1. The applicable sections of Minn.Stat. § 336.3–403 provide:

    (1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

    (2) *An authorized representative* who signs his own name to an instrument

       \* \* \* \* \* \*

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, *or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.* (Emphasis added).

ment entitles a holder to recover on it once signatures are admitted or established.

Defendant did not deny the effectiveness of his signature in his answer and testified he signed the note. Plaintiff produced the note and proved that the note was in default. The evidence adduced at trial indicates that defendant was an accommodation maker. *Id.* § 336.3–415(1). He is liable in the capacity in which he signed the note, which was as a maker. *Id.* §§ 336.3–413(1), 336.3–415(2).

Plaintiff proved a prima facie case entitling it to recover on the note. Accordingly, we reverse and remand with instructions to enter judgment against defendant individually in accordance with this opinion.

Reversed and remanded.

TODD, J., took no part in the consideration or decision of this case.