420 So.2d 396 (1982)
MJZ CORPORATION and Michael J. Zappone, Appellants,
v.
GULFSTREAM FIRST BANK & TRUST, N.A., Appellee.
No. 81-1425.
District Court of Appeal of Florida, Fourth District.
October 13, 1982.
*397 James R. Eddy of James R. Eddy & Associates, P.A., Pompano Beach, for appellants.
Lewis M. Petzold of Tylander, deClaire & Sliney, Chartered, Boca Raton, for appellee.
HURLEY, Judge.
The issue on appeal is whether a bank or its former customer is liable for checks which the bank honored after notice that the account had been closed. We hold that closure of the account terminated the contractual relationship between the bank and its customer and, thus, we find that the bank is liable for the checks in question. For this reason, we reverse the judgment below.
Michael J. Zappone was president of MJZ Corporation, an entity which operated the Bayou Restaurant in Boca Raton, Florida. Mr. Zappone sold the restaurant in October 1979. At that time, he gave the new owner two signed but undated checks which were blank as to the amount. These checks were on MJZ's corporate account.
MJZ maintained its corporate checking account at the Gulfstream First Bank & Trust. On April 2, 1980, Mr. Zappone closed this account. However, unbeknown to Mr. Zappone, the bank had a policy of continuing to honor checks on closed accounts for thirty days after closure. The bank followed this practice as a convenience to customers who might otherwise be embarrassed by "bounced checks."
Later in April, the two checks previously signed by Mr. Zappone were presented to the bank in the amount of $6,998.22 and $11,000.00, respectively. Although the account had been closed, the bank honored both checks and looked to Mr. Zappone for reimbursement. Mr. Zappone refused, claiming that the bank had no authority to honor checks on a closed account.
After a non-jury trial, at which all material facts were stipulated, the trial court ruled in the bank's favor. The court found that Michael J. Zappone, personally and in his corporate capacity, was liable to the bank for the full amount of both checks.
In its brief and at trial, the bank has argued that Article IV of Florida's Uniform Commercial Code, Section 674.101, et seq., Florida Statutes (1981), applies. Section 674.401(1), Florida Statutes (1981), states the following: "As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft." This language, the bank asserts, authorized the creation of an $18,000 overdraft in Mr. Zappone's account. Mr. Zappone, on the other hand, has consistently argued that when a customer closes his account, his relationship with the bank terminates. Since he was no longer a "customer" when both checks were presented for payment and because the bank had due notice of this fact, it lacked authority to pay checks and create an overdraft.
We begin our analysis by noting that the relationship between a bank and its depositing customer is contractual. McCrory Stores Corp. v. Tunnicliffe, 104 Fla. 683, 140 So. 806 (1932). The delivery of money to a bank implies an "agreement on the part of the bank that the deposit will be paid out on the order of the depositor or returned to him upon demand." Id. at 807. Deposits are either general or special. A general deposit is credited to the depositor to be drawn upon by him in the usual course of banking business. Id. Absent some agreement demonstrating otherwise, a bank deposit is presumed to be general. Id. The contractual relationship established between bank and depositor is one of debtor to creditor. Mallett v. Tunnicliffe, 102 Fla. 809, 136 So. 346 (1931).
In the instant case, there was no proof that the MJZ corporate account was anything but a general account. Thus, a contractual debtor/creditor relationship existed *398 between the corporation and the bank. When Mr. Zappone closed the account, the remaining funds were `returned to him upon demand.' This terminated the contractual relationship between the corporation and the bank; the corporation ceased to be the bank's customer. We find the bank's reliance on the Uniform Commercial Code to be unavailing. The Code speaks to the duties and obligations of viable banking relationships. It provides no support for the bank's post-termination action in this case. In short, the bank had no authority to create an overdraft on a closed account. It acted as a volunteer and now is without legal basis to recoup its loss from its former customer.
At this juncture, we must caution against an overly broad reading of this decision. We do not hold that banks cannot maintain a thirty day `open account after closure' policy. Rather, we hold that such a policy, without notice to the customer, cannot bind the customer. Furthermore, in the absence of any special agreement known to the customer, closure of an account terminates the contractual relationship. General principles of law, not the provisions of the Uniform Commercial Code, govern the legal relationships thereafter.
We now turn to the second issue on this appeal which is whether Mr. Zappone was personally liable on a check written on his corporate account. The bank has properly stated the law in observing that when one signs checks in a corporate capacity, that capacity must be indicated to avoid personal liability. Section 673.403(2), Florida Statutes (1981). Section 673.403(2)(b) states that an authorized representative who signs an instrument without indicating his representative capacity is personally obligated "[e]xcept as otherwise established between the immediate parties." In this case, the bank's signature cards for the corporate account indicated that Mr. Zappone was authorized to sign as president of MJZ Corporation. The account was in the name of the corporation. Thus, we hold that Mr. Zappone's representative capacity was "otherwise established" between the parties. Consequently, we reverse the judgment below both as to the liability on the checks and as to the finding of Mr. Zappone's personal liability.
REVERSED.
DELL, J., concurs.
HERSEY, J., concurs in result only.