**GREYHOUND LINES, INC.,**
Respondent,

v.

**FIRST STATE BANK OF ROLLINGSTONE,**
Appellant.

No. C9–84–1947.

Court of Appeals of Minnesota.

April 16, 1985.

Review Denied June 27, 1985.

Kent A. Gernander, Winona, for appellant.

Donna J. Blazevic, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J. and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant bank appeals from a summary judgment in favor of respondent Greyhound. The trial court found that the appellant drawee bank accepted a check payable to Greyhound, based upon the preprinted name and logo, the signing of the check and parol evidence.

## FACTS

Respondent Greyhound Lines, Inc., sued appellant First State Bank of Rollingstone, on a check drawn to Greyhound by B.C. Dahl in the amount of $9,730.44. Appellant drawee bank dishonored the check because Dahl's account had insufficient funds.

Lou Hodnik, a supervisor for Greyhound, stated in an affidavit that B.C. Dahl, a commission agent for Greyhound in Winona, presented him with the check to cover amounts due to Greyhound on his May, 1983 report. Hodnik told Dahl that he would not take the check unless it was confirmed for funds by the bank. Dahl later brought back the check signed by Duane Klein, the vice-president of the bank. Hodnik called the bank and talked to Klein, who assured him that the funds were in the bank. Hodnik further stated that because he knew Klein was a vice-president of the bank, and because Klein was at the bank when Hodnik spoke to him, he "understood he signed the check for the Bank." He "relied upon Mr. Klein's representation as an officer of the Bank that the Bank would pay the check."

The district court granted summary judgment in favor of respondent, and appellant brought this appeal.

## ISSUE

1. Whether the presence on a check of a bank's printed name and logo identifying it

as the drawee bank "names the person represented" by an agent of the bank who signs his own name to the check.

2. Whether Minn.Stat. § 336.3–403(2)(b) can be used to impose liability on a principal.

3. Whether undisputed statements that the funds are in the bank and the bank will pay the check are sufficient as a matter of law to establish that the agent accepted a check on behalf of his principal.

## ANALYSIS

▪▪ The trial court granted a motion for summary judgment under Minnesota Rules of Civil Procedure 56.03. Upon review, this court must determine:

(1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Here, neither party contends that a genuine issue of material fact exists, and the sole argument of appellant is that the trial court erred as a matter of law. This court is not bound upon review by the trial court's determination of a question of law. *Miles v. City of Oakdale,* 323 N.W.2d 51, 55 (Minn.1982).

### 1.

The liability of a drawee bank as an acceptor is governed by statute. Minn. Stat. § 336.3–409(1) (1984) provides:

A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.

Minn.Stat. § 336.3–410(1) (1984) provides:

Acceptance is the drawee's signed engagement to honor the draft as presented. It must be written on the draft, and may consist of his signature alone. It becomes operative when completed by delivery or notification.

▪▪ An agent or other representative may make a signature for a principal. Minn.Stat. § 336.3–403(1).

▪▪ The principal's name must also appear on the check in order to find it liable, because "[n]o person is liable on an instrument unless his signature appears thereon." Minn.Stat. § 336.3–401(1) (1984).

This rule precludes the application of the agency doctrine of undisclosed principal to obligations on negotiable paper, and implements the principle that the nature, scope, and terms of the obligations on such paper must be certain and determinable from the instrument itself.

*Id.* Minnesota Code Comment.

▪▪ In order to conclude that the bank accepted the check, we must first find that the bank signed the check.

A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature.

Minn.Stat. § 336.3–401(2) (1984). The only place in which the name of the principal, the bank, appears on the check is in the lower left hand side, where its name, address and logo appear in a preprinted form.

The bank argues that it is not named on the check because its name is not "associated" with the vice-president's signature, which was below the drawer's signature on the lower right hand side of the check. We disagree. In *St. Croix Engineering Corp. v. McLay,* 304 N.W.2d 912 (Minn.1981), the court found the principal was named where the principal's name, address, and logo appeared in the upper left corner of the check. *Id.* at 914. The court in *Wurzburg Brothers, Inc. v. Coleman,* 404 So.2d 334 (Ala.1981), interpreted a U.C.C. § 3–403(2)(b) requirement that an instrument "names the person represented" to allow examination of the entire face of the instrument:

The language of the section indicates that the entire face of the instrument may be given attention when discovering who is liable on the instrument.

*Id.* at 336.

▪▪ Appellant contends that if the bank's name on a check constitutes a nam-

ing, any signature on a check will raise a question of possible acceptance by the bank. However, Minn.Stat. § 336.3–404(1) (1984) renders an unauthorized signature ineffective except against the one who actually signed it. Parol evidence may be used if necessary to prove or deny the authority of one to sign for another. U.C.C. § 3–403 Official Comment 1 (1962).

We hold that the bank's printed name and logo on the check were sufficient to name it as principal of an agent, to determine if the agent accepts the check for the bank when he signs the instrument.

### 2.

The trial court used parol evidence, along with information from the face of the check, to impose liability upon a principal for the agent's signature.

Minn.Stat. § 336.3–403(2) (1984), provides:

> An authorized representative who signs his own name to an instrument
>
> (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
>
> (b) *except as otherwise established between the immediate parties,* is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

(Emphasis added).

■ If a party sues an agent on a check which names the principal and is signed by the agent, and the agent did not indicate his representative capacity, the agent may overcome the presumption of personal liability by parol evidence, in litigation between the immediate parties. *St. Croix,* 304 N.W.2d at 914; *See Weather-Rite, Inc. v. Southdale Pro-Bowl, Inc.,* 301 Minn. 346, 349, 222 N.W.2d 789, 791 (1974). Whether parol evidence may be used to hold the principal liable has not been decided in Minnesota.

In general, the commercial code indicates that obligations on negotiable paper should be certain and determinable from the instrument itself. Minn.Stat. § 336.3–401(1) Minnesota Code Comment. Our holding here, which applies only to dealings between the immediate parties, does not disturb this general rule.

■ The general limits on the use of parol evidence do not apply as between the parties. "[A]s between the original parties and those having notice of the facts relied upon as constituting a defense, the consideration and the conditions under which the note was delivered may be shown." *Megowan v. Peterson,* 173 N.Y. 1, 5–6, 65 N.E. 738, 739 (1902).

Study of a note and the circumstances surrounding execution of an instrument is appropriate to determine the liability of the principal, as between the immediate parties. *First Security Bank v. Fastwich, Inc.,* 612 S.W.2d 799 (Mo.App.1981). In *First Security Bank,* a bank obtained judgment against a defendant corporation on a note. On appeal, it was argued that parol evidence was not admissible to fix liability upon a corporate principal as a maker of a promissory note, and that such evidence is admissible under Section 3–403(2)(b) of the Uniform Commercial Code only to show whether an agent is personally liable. The court held:

> [Appellants'] convoluted argument, if given credence, would produce the anomalous result of permitting Comment 2 of the Uniform Commercial Code Comment to Section 400.–3–403, *supra,* to be used as a shield to protect an agent from personal liability on a promissory note by permitting the admission of parol evidence and as a weapon to defeat fixing liability upon a principal as a maker of a promissory note by excluding parol evidence.

*Id.* at 806.

In the circumstances here, we conclude the trial court correctly used parol evidence.

**358**

3.

■ The undisputed facts as set forth in the affidavit of Lou Hodnik and on the face of the check are sufficient as a matter of law to hold that the appellant accepted the check, Minn.Stat. § 336.3–409(1), and that the bank is liable on the check.

### DECISION

As between the immediate parties to negotiation of a check, liability of a principal may be established by studying circumstances surrounding execution of the check, together with study of the face of the instrument. The trial court correctly recognized and applied this rule of commercial law.

Affirmed.