James A. COVEAU, d/b/a Coveau Logging,
Plaintiff-Respondent,

v.

Michael DURAND, Defendant-Appellant.

Court of Appeals

*No. 88–0434. Submitted on briefs September 22, 1988.—
Decided October 25, 1988.*

(Also reported in 432 N.W.2d 662.)

For defendant-appellant there was a brief by *Michael Durand*, pro se, of Apple Valley, MN.

For plaintiff-respondent there was a brief by *James H. Taylor* of *Benson and Taylor*, of Siren.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Michael Durand appeals a judgment holding him personally liable for a dishonored corporate check. Durand argues that the trial court erred by refusing to admit and consider parol evidence. We conclude that when a check discloses the name of the party represented but is signed by an individual who failed to indicate that he signed the check in a representative capacity, the signer is entitled to present parol evidence to prove the parties understood that the signer would not be personally liable. Therefore, we reverse the judgment and remand this matter to the trial court so that it may consider any parol evidence presented and determine the parties' understanding as to whether there was personal liability on behalf of Durand.

The record discloses the following facts. Durand was the president of Durand Lumber Company, Inc., and one of the five shareholders in that company. During 1985, Durand Lumber purchased logs from Coveau Logging as it had done on at least fifty prior occasions. Durand signed a check drawn on the Durand Lumber Company, Inc., account for $3,000 in payment for the logs. Although the words "Durand Lumber Co., Inc." were printed in the upper left-hand corner of the check, Durand failed to indicate anywhere on the check that he was signing it in a representative capacity.

The check was dishonored for insufficient funds because the Internal Revenue Service had levied on

Durand Lumber's account. Eventually, Durand Lumber filed a ch. 11 petition for protection under the Bankruptcy Act. Coveau submitted an unsecured claim in the bankruptcy proceeding for the fair market value of the logs purchased by Durand.

Two years later, Coveau sued Durand personally for the amount of the dishonored check. During the trial, Durand attempted to introduce evidence of the relationship between Durand Lumber, himself, and Coveau. The evidence was offered to establish that Coveau did not expect Durand to be personally liable on the check and that it knew Durand was merely signing the check as a representative of Durand Lumber. The court refused to consider parol evidence pursuant to sec. 403.403(2)(a), Stats., and entered a judgment in favor of Coveau.

The issue is whether sec. 403.403(2) allows the admission of parol evidence to show that the parties did not intend the signer of a check to be held personally liable when he signs a check that names the represented party but does not additionally qualify his signature to indicate that he is merely signing in a representative capacity. We conclude that it does. This is a question of law, and we owe no deference to the trial court's decision. *Brown v. Thomas,* 127 Wis. 2d 318, 323, 379 N.W.2d 868, 870 (Ct. App. 1985). The parties concede that this issue is resolved by sec. 403.403(2). That statute provides:

> (2)  An authorized representative who signs his own name to an instrument:
> (a)  Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

The trial court applied subsec. (2)(a) and consequently refused to consider parol evidence. However, this subsection only applies where no represented party is named on the face of the check and where the signer fails to indicate that he is signing in a representative capacity. No one challenges the fact that the check did name Durand Lumber Co., Inc., as the represented party. Therefore, the trial court should have admitted and considered parol evidence pursuant to subsec. (2)(b) before determining whether Durand is personally liable for the dishonored check.[1] Subsection (2)(b) specifically provides that to avoid personal liability where, as here, the check itself is ambiguous, the signer may use parol evidence to establish that the parties to the transaction intended that only the principal be liable. We note that

[1]While this question has not previously been addressed by the courts of this state, the majority of the courts in other jurisdictions have reached the same result we reach here. *See Wyandot, Inc. v. Gracey Street Popcorn Co. Inc.,* 544 A.2d 180, 181 (Conn. 1988); *MJZ Corp. v. Gulfstream First Bank & Trust,* 420 So. 2d 396, 398 (Fla. Dist. Ct. App. 1982); *J.P. Sivertson & Co. v. Lolmaugh,* 380 N.E.2d 520, 522 (Ill. App. Ct. 1978); *Highfield v. Lang,* 394 N.E.2d 204, 206 (Ind. Ct. App. 1979); *Colonial Baking Co. v. Dowie,* 330 N.W.2d 279, 283 (Iowa 1983); *St. Croix Engineering Corp. v. McLay,* 304 N.W.2d 912, 914 (Minn. 1981); *Griffin v. Ellinger,* 538 S.W.2d 97, 99–100 (Texas 1976).

Coveau's statement that the burden is for Durand to prove that he is not personally liable for the check is correct; sec. 403.403(2)(b) essentially creates a rebuttable presumption. *See* secs. 403.403(2)(b) and 403.413, Stats.; Anderson, U.C.C. 3–403:14 (3d ed. 1984).

Durand was attempting to show that Coveau knew and understood that the logs had been sold to the corporate entity and that only the corporate entity would be responsible for payment. To do this, he sought to introduce parol evidence demonstrating that all parties involved understood that he signed the check as the president of Durand Lumber, not as an individual, and that only the corporation would be responsible for payment. Because the trial judge refused to consider this parol evidence, we reverse the judgment and remand this matter to the trial court for a determination as to what understanding, if any, existed between the immediate parties with respect to whether Durand was to be personally liable for the dishonored check.

*By the Court.*—Judgment reversed and cause remanded with directions.